UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-641-H

J. BAXTER SCHILLING                                          APPELLANT

V.

CYNTHIA A. REID                                             APPELLEE

**MEMORANDUM OPINION AND ORDER**

The Trustee appeals the Bankruptcy Court's decision to deny his motion to revoke the debtor's discharge.  Cynthia A. Reid is the Debtor.  Baxter Schilling is the Trustee for her bankruptcy estate.  By revoking the discharge, the Bankruptcy Court would have required the Debtor to repay to the bankruptcy estate $66,029.10 from the sale of two separate tracts of real estate.  For the reasons that follow, this Court affirms the Bankruptcy Court.

On August 25, 2006, after a trial and post-trial briefing, United States Bankruptcy Judge Joan L. Cooper issued a Memorandum Opinion dismissing the Trustee's complaint which sought revocation of the Debtor's discharge and recovery of certain sale proceeds.  Judge Cooper concluded that the Debtor did not knowingly and fraudulently fail to report the acquisition of the property.  She found that the Debtor had good reason to believe that the case was over and that she could transfer the property.  She noted that the Trustee had let the deadline for a nondischargeability action expire and that the Debtor's lawyer had told her that the Order of Discharge meant that the case was completed.  Judge Cooper also found that the Trustee's belated attempt to revoke the discharge are barred by the equitable doctrine of laches.  Judge

Cooper also considered and denied a motion to reconsider.  The Trustee appealed.  This Court reviews issues of law *de novo* and findings of fact under the clearly erroneous standard.

Appellant argues that the Bankruptcy Court used the wrong standard to determine whether the proceeds must be returned to the estate.  He argues that the real estate sale proceeds were estate assets and must be returned to the estate regardless of the circumstances of the sale.  The Debtor filed for bankruptcy on August 9, 2002.  She listed all of her property and assets in the bankruptcy petition.  The Trustee made no challenge to the Debtor's value estimate.  The Court granted her discharge on January 22, 2003.  In August of 2003, the Debtor sold her real estate.  Shortly thereafter, the Trustee received notice of the sale.  The Trustee did not file a notice of assets until March, 2005, and did not file this complaint seeking to revoke the discharge until November of 2005.

The primary dispute between the parties appears to be whether to apply 11 U.S.C. § 521(4) or 11 U.S.C. § 727(d)(2) to our circumstances.  Section 521(4) commands that a debtor "surrender to the trustee all property of the estate . . . ."  The Debtor certainly did this by disclosing in the bankruptcy petition the property, its estimated fair market value and its encumbrances.  At that point the Trustee had dominion and control of the property.  The Trustee chose not to challenge the disclosure.  In due course, the Bankruptcy Court granted the discharge.     After discharge, the Debtor sold the property and retained the net proceeds.  Under these particular circumstances, the Trustee's right to revocation are governed by § 727(d)(2).  This provision allows the Bankruptcy Court to revoke the discharge if the debtor knowingly or fraudulently failed to report the acquisition of property.  Here, the Trustee moved to revoke.  As Judge Cooper found, the Debtor did not report the subsequent real estate sale

2

because she believed the bankruptcy case to be closed based upon the passage of time and her attorney's statements.  The property had previously been reported as an asset.  The Trustee has not produced any proof that the Debtor's original disclosures were fraudulent.  The Bankruptcy Court's legal conclusion that the Debtor's failure to report the sale was not knowing or fraudulent appears justified in law and fact.  It is not a clearly erroneous conclusion.  This Court also finds that sufficient facts in the record also support the conclusion that the doctrine of laches bars the Trustee from revoking the discharge at this time.  Therefore, Judge Cooper's finding was not clearly erroneous.

In sum, the decision to revoke a discharge under the bankruptcy rules is generally left to the sound discretion of the Court.  This Court does not find that Judge Cooper abused her discretion by denying the Trustee's request for revocation in these circumstances.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the decision of the United States Bankruptcy Court is AFFIRMED and the Trustee's appeal is DISMISSED WITH PREJUDICE.

This is a final order.

cc:      Counsel of Record